

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700
Newark, NJ 07102

973/645-2700

amr/NONCOOP.PLG
2003R01535

July 22, 2004

John E. Tiffany, Jr., Esq.
143 Washington Avenue
Bellville, NJ

Re: <u>Plea Agreement with Steven Harris</u>

Dear Mr. Tiffany:

      This letter sets forth the full and complete agreement between your client, Steven Harris, a/k/a "Pine," a/k/a "Wahid," and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Steven Harris to Counts Three and Five of the Indictment, Criminal No. 04-00158, which charge knowing and willful trafficking in counterfeit access devices, in violation of 18 U.S.C. § 1029(a)(1) and 2, and knowing and willful possession of device-making equipment in a manner affecting interstate commerce, in violation of 18 U.S.C. § 1029(a)(4) and 2. If Steven Harris enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Steven Harris for trafficking in counterfeit access devices or possessing device-making equipment, both from in or about May 2002 through on or about November 20, 2003. In addition, if Steven Harris fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts One, Two and Four of the Indictment, Criminal No. 04-00158, against Steven Harris. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Steven Harris may be commenced against him, notwithstanding the expiration of the limitations period after Steven Harris signs the agreement. Steven Harris agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Steven Harris signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1029(a)(1) to which Steven Harris agrees to plead guilty carries a statutory maximum prison sentence of ten years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 18 U.S.C. § 1029(a)(4) to which Steven Harris agrees to plead guilty carries a statutory maximum prison sentence of fifteen years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Steven Harris is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742 and the United States Sentencing Guidelines. The sentencing judge may impose the maximum term of imprisonment and maximum fine that are consistent with the Sentencing Reform Act and the Sentencing Guidelines, up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The United States Sentencing Guidelines may impose a minimum term of imprisonment and/or fine, and may authorize departure from the minimum and maximum penalties under certain circumstances. This Office cannot and does not make any representation or promise as to what guideline range will be found applicable to Steven Harris, or as to what sentence Steven Harris ultimately will receive.

Further, in addition to imposing any other penalty on Steven Harris, the sentencing judge: (1) will order Steven Harris to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Steven Harris to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Steven Harris, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; and (4) pursuant to 18 U.S.C. § 3583 and § 5D1.2 of the Sentencing Guidelines, may require Steven Harris to serve a term of supervised release of at least two years and up to three years, which will begin at the expiration of any term of imprisonment imposed. Should Steven Harris be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Steven Harris may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Steven Harris by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Steven Harris' activities and relevant conduct with respect to this case.

## Stipulations

This Office and Steven Harris agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Steven Harris from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Steven Harris waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentencing court's determination or imposition of the offense level or its acceptance of any of the stipulations on Schedule A. Otherwise, this Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceedings involving post-sentencing motions or writs.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will

- 3 -

bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Steven Harris. This agreement does not prohibit the United States, any agency thereof including the Internal Revenue Service, or any third party from initiating or prosecuting any civil proceeding against Steven Harris.

This agreement constitutes the full and complete agreement between Steven Harris and this Office and supersedes any previous agreement between them. No additional promises, agreements, or conditions have been entered into other than those set forth in this letter, and none will be entered into unless in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: Anita M. Raman
Assistant U.S. Attorney

APPROVED:

Unit Chief, Commercial Crimes Division

I have received this letter from my attorney, John E. Tiffany, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the full agreement between the parties. There have been no additional promises or representations made to me by any officials or employees of the United States Government or by my attorney in connection with this matter.

AGREED AND ACCEPTED:

_____  Date: 4/11/05 [redacted]
Steven Harris

_____  Date: 4/11/05 [redacted]
John E. Tiffany, Esq.

- 5 -

<u>Plea Agreement With Steven Harris</u>

<u>Schedule A</u>

1. This Office and Steven Harris recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Steven Harris nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Steven Harris within the Guidelines range that results from the total Guideline offense level set forth below. This Office and Steven Harris further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guideline offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2004 applies in this case. The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 6.

3. The loss is more than $70,000 and less than $120,000. Accordingly, an increase of 8 levels is appropriate. See U.S.S.G. § 2B1.1(b)(1)(F).

4. The offense involved ten or more victims. Accordingly, an increase of 2 levels is appropriate. See U.S.S.G. § 2B1.1(b)(2)(A)(i).

5. The offense involved the possession or use of device-making equipment, the production or trafficking of unauthorized counterfeit access devices, and the possession of 5 or more means of identification that unlawfully were produced from, or obtained by the use of, another means of identification. Accordingly, an increase of 2 levels is appropriate. See U.S.S.G. § 2B1.1(b)(10).

6. Steven Harris was an organizer or leader the relevant criminal activity, which involved five or more participants or was otherwise extensive. Accordingly, an increase of 4 levels is appropriate. See U.S.S.G. § 3B1.1(a)

7. As of the date of this letter, Steven Harris has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Steven Harris' acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, Steven Harris has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If the offense level is 16 or greater, the government agrees that Steven Harris is entitled to an additional decrease of 1 level pursuant to U.S.S.G. § 3E1.1(b), unless Steven Harris indicates an intention not to enter a plea of guilty, thereby forcing the government to prepare for trial.

9. In accordance with the above, the parties agree that the total Guideline offense level

applicable to Steven Harris is 19 (the "agreed total Guideline offense level").

10. The defendant reserves the right to make a downward departure motion in light of the Defendant's physical condition, pursuant to U.S.S.G. §§ 5K2.0(a)(4) and 5H1.4. The Government reserves the right to oppose any such motion. Neither party will seek or argue for any other departure or adjustment not set forth herein.

11. Steven Harris knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within the Guidelines range that results from the agreed total Guidelines offense level of 19. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within the Guidelines range that results from the agreed total Guidelines offense level of 19. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.